WILLIAM A. HILL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hill v. Commissioner
Docket No. 1512-92
United States Tax Court
T.C. Memo 1995-136; 1995 Tax Ct. Memo LEXIS 182; 69 T.C.M. (CCH) 2273; March 28, 1995, Filed *182 Decision will be entered for respondent. William A. Hill, pro se. For respondent: Stephen J. Neubeck. RUWE
RUWE
MEMORANDUM FINDINGS OF FACT AND OPINION RUWE, Judge: Respondent determined a deficiency in petitioner's Federal income tax and additions to tax as follows: Additions to Tax Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)
Sec. 6654
1988
$ 17,658
$ 4,415
$ 883
$ 1,130
The issues for decision are: (1) Whether petitioner had unreported income during the taxable year 1988 from the sale of cocaine and antiques; (2) whether petitioner is liable for self-employment tax; and (3) whether petitioner is liable for additions to tax as determined by respondent. FINDINGS OF FACT Pursuant to Rule 90, [1] on November 9, 1994, respondent served a Request for Admissions on petitioner. Petitioner failed to respond to respondent's Request for Admissions. Accordingly, each matter set forth in respondent's Request for Admissions is deemed admitted. Rule 90(c). Some of the facts have been stipulated and are so found. The stipulation of facts, attached exhibits, and all facts deemed admitted are incorporated herein by this reference. *183 At the time the petition was filed in this case, petitioner resided at the Warren Correctional Institution, P.O. Box 120, Lebanon, Ohio 45036. At the time of trial, petitioner resided in Cambridge, Ohio. On or about January 4, 1989, petitioner was arrested by the Illinois State police for trafficking in cocaine. At the time of his arrest, petitioner had approximately 3 ounces of cocaine in the trunk of his car and $ 15,185.68 in cash that the police seized. At the time of his arrest, petitioner was driving his 1985 Oldsmobile Toronado and was accompanied by Nidza M. Solis, whom he has since married. Petitioner also owned a 1985 Ford van. On January 5, 1989, both petitioner and Ms. Solis provided signed statements to the Illinois State police. In her signed statement, Ms. Solis stated that she had lived with petitioner for approximately 10 years, and she stated that petitioner made "large buys of cocaine, usually kilos" in Miami, Florida, from an individual named Maraero. Because Mr. Maraero spoke only Spanish, Ms. Solis would interpret for petitioner. In his statement, petitioner admitted to purchasing and selling cocaine during 1988. Petitioner admitted that prior to his *184 arrest, he had purchased 500 grams of cocaine for $ 10,500. Of this 500 grams, petitioner admitted to selling 10 ounces of cocaine during the first week of December 1988 for $ 1,500 per ounce to Mike McFarlane, and 5 ounces on January 3, 1989, for $ 1,300 per ounce to Mr. McFarlane. Petitioner admitted that the 3 ounces of cocaine that were found in the trunk of his car at the time of his arrest belonged to him. Petitioner also admitted that he sometimes purchased kilos of cocaine in Miami, Florida, at prices between $ 15,000 and $ 17,000 per kilo. Petitioner was ultimately convicted and incarcerated for the offense of aggravated trafficking with respect to cocaine. Sometime in December 1988, prior to being arrested, petitioner and Ms. Solis took a vacation cruise in the Caribbean for approximately 10 days. Petitioner and Ms. Solis shopped at the ports of call and, among other things, purchased nearly $ 600 worth of jewelry. During 1988, petitioner also sold antiques. Petitioner had business cards containing his name in the center of the card; the terms "lamps", "art pottery", and "paintings" along the bottom of the card; and Ohio and Florida phone numbers along the top of *185 the card. On April 3, 1988, petitioner placed an advertisement in the Zanesville Muskingum Advertiser wherein he and Mr. Mark Finlaw offered "Top Money Paid" for hand-painted lamps and leaded lamps, and offered to purchase antique furniture, art, pottery, and quilts. On October, 23, 1988, petitioner drafted a letter stating: To Whom It May Concern I have been providing sole support for the Solis Family, Nidza, Carolyn, & Desiree for the last six months. My average income during that period has been $ 500 per week. We are living at 57 S. 7th at Zanesville, Ohio 43701.
During 1988, petitioner conducted all his financial transactions in cash. Petitioner did not maintain a bank account or books or records of his financial transactions for the taxable year 1988. Petitioner did not file a Federal income tax return for the taxable year 1988. Respondent determined that petitioner received income during 1988 of $ 28,250 from the sale of cocaine and $ 26,000 from the sale of antiques. Respondent determined that petitioner was entitled to a personal exemption of $ 1,950 and the standard deduction of $ 3,000 for the taxable year 1988. Respondent also determined that petitioner *186 was liable for the self-employment tax in the amount of $ 5,859. OPINION Issue 1. Unreported Income
Section 61 provides that gross income means "all income from whatever source derived". This includes income derived from illegal activities. . Generally, the Commissioner is entitled to use any reasonable means of reconstructing income and is given greater latitude in determining which method of reconstruction to apply where the case involves an illegal enterprise in which the taxpayer has kept no records. . When the taxpayer has kept no records, as is the case here, the Commissioner may look to other information when reconstructing the taxpayer's income. , affg. in part and revg. in part ; , affg. . Moreover, mathematical precision is not required *187 of the Commissioner, for if it were, it "would be tantamount to holding that skilful concealment is an invincible barrier to proof." . Respondent's determinations are presumed correct, and petitioner generally has the burden to prove otherwise. Rule 142(a). Petitioner argues that where the issue involves unreported income, respondent cannot rely on the presumption of correctness, but must substantiate the charge of unreported income by some other means. Assuming petitioner is correct, we nevertheless find that respondent's determination of unreported income was substantiated by the facts presented, which include petitioner's own admissions. Because petitioner conducted all his financial transactions in cash during 1988, did not maintain a bank account or books or records of his financial transactions for the taxable year 1988, and did not file a Federal income tax return for the taxable year 1988, respondent had to reconstruct petitioner's income. Based on the available evidence of petitioner's cocaine transactions, respondent determined that petitioner sold at least one full kilo of cocaine generating *188 taxable income of $ 28,250 during 1988. Petitioner admitted to purchasing cocaine at times in Florida. Ms. Solis described these transactions as "large buys of cocaine, usually kilos". Petitioner also specifically admitted to purchasing 500 grams of cocaine for $ 10,500. Of the 500 grams that petitioner purchased, he admitted to selling 10 ounces [2] during the first week of December 1988 for $ 15,000, 5 ounces on January 3, 1989, for $ 6,500, and, at the time of arrest, petitioner was found with approximately 3 more ounces of cocaine and $ 15,185.68 in cash. Based on these facts, we find that respondent's determination was a reasonable reconstruction of petitioner's income from cocaine trafficking. Therefore, we sustain respondent's determination that petitioner had taxable income of $ 28,250 from the sale of cocaine during 1988. Respondent also determined that petitioner had income of $ 26,000 from selling antiques. On January 11, *189 1989, at a State court hearing regarding petitioner's cocaine trafficking charges, petitioner requested that counsel be appointed to represent him. During this hearing, petitioner testified that his income was approximately $ 12,000 per year. On January 20, 1989, at a hearing on the State's "Motion to Deny Bail", petitioner admitted to operating an antique business during 1988. Petitioner also testified that after reinvesting some of the sales proceeds in the business, he withdrew approximately $ 300 a week during 1988. Petitioner admitted writing a letter wherein he indicated that his income for the 6 months prior to October 23, 1988, was approximately $ 500 per week. On brief, petitioner stated that he does not "deny the authenticity of the note, but I do challenge the veracity of its contents." Based on petitioner's admissions and his October 23, 1988, letter, respondent determined that petitioner had earnings of $ 500 a week from selling antiques. Notwithstanding his prior statements, petitioner contends that he had no income during 1988. With respect to his testimony at the above-described hearings, petitioner testified that he lied. On brief, petitioner states: I *190 was only concerned with presenting a scenario to the court that would justify my being released on bond. There had been a lot of negative publicity already and I was trying to represent myself as being a businessman in Zanesville with ties to the community. I was willing and did lie or use puffery in order to reach my goal. I thought it [sic] if I'd said I had no source of past or present income it would have allowed the prosecutor to argue more venomently [sic] that I not be released on bond. I feel I had reason to lie then and no reason to lie today and I was certainly not concerned about the consequences of perjury at that time. I am fully aware I testified under oath on January 23, 1995.
* * * Petitioner testified that he had no need to work during 1988, because he had sufficient funds from prior years. Petitioner also testified that he spent most of his time during 1988 renovating his daughter's home. Petitioner has offered nothing but self-serving testimony to refute his prior statements made under oath. This Court is not required to accept such testimony as credible. , affg. *191 . Based on the foregoing, we find that respondent's reconstruction of petitioner's income from the sales of cocaine and antiques was reasonable. Moreover, we observe that an annual income of $ 54,250, as determined by respondent in this case, is consistent with petitioner's admitted lifestyle. During a substantial part of the year, petitioner supported himself, Ms. Solis, and her two children. Petitioner owned at least two vehicles, a 1985 Oldsmobile Toronado and a 1985 Ford van. Petitioner also admitted cruising the Caribbean sometime in December 1988 with Ms. Solis for approximately 10 days and to shopping at ports of call, where he purchased nearly $ 600 worth of jewelry. Issue 2. Self-Employment Tax
The second issue for decision is whether petitioner is liable for the self-employment tax under section 1401 in the amount of $ 5,859. Respondent's determination is presumed correct, and petitioner bears the burden of proving otherwise. Rule 142(a). We have held that petitioner had unreported income of $ 54,250 from cocaine and antique sales. Accordingly, we sustain respondent's determination on this issue. Issue 3. *192 Additions to Tax
Respondent determined that petitioner is liable for additions to tax pursuant to sections 6651(a)(1), 6653(a)(1), and 6654. Section 6651(a)(1) provides that an addition to tax shall be imposed in case of failure to file a return on the date prescribed therefor, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Petitioner did not file a Federal income tax return for the taxable year 1988. Indeed, petitioner admitted that he has not filed a return since the year 1977. Petitioner has not shown that his failure to file his 1988 Federal income tax return was due to reasonable cause and not due to willful neglect. Absent a showing by the taxpayer that the failure to file was due to reasonable cause, the imposition of the addition to tax is mandatory. , affg. . Accordingly, we sustain respondent's determination. Section 6653(a) provides that an addition to tax shall be imposed if any part of any underpayment of tax required to be shown on a return is due to negligence. Negligence *193 is defined as "lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." , affg. . Except for contending that he had no income during 1988, petitioner has not shown that his failure to pay tax on his cocaine and antique sales was reasonable. Accordingly, we sustain respondent's determination. Section 6654 imposes an addition to tax in the case of any underpayment of estimated tax by an individual. Petitioner did not pay any Federal income tax for the taxable year 1988. The addition to tax under section 6654(a) "is mandatory unless the * * * [taxpayer] can place himself within one of the computational exceptions provided for in subsection (d) thereof." . Petitioner offered no evidence on this point. Accordingly, we sustain respondent's determination. Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the taxable year in issue.↩
2. The approximate conversion from ounces to grams is 1 ounce to 28.35 grams.↩